CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 24 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| ROSETTA R. MEACHAM, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:04-CV-00042 |
| | ) | |
| JO ANNE B. BARNHART, | ) | By: Michael F. Urbanski |
| Commissioner of Social Security, | ) | United States Magistrate Judge |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Rosetta R. Meacham ("Meacham") brings this action pursuant to 42 U.S.C. § 405(g) for review of the decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. The parties have consented to the undersigned Magistrate Judge's jurisdiction over this matter, and the case is now before the court on cross-motions for summary judgment. Having reviewed the record and after briefing, defendant's motion for summary judgment is granted as the decision of the Commissioner is supported by substantial evidence and founded on correct legal principles.

## STANDARD OF REVIEW

The court's review is limited to a determination whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to demonstrate that she was disabled under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan; 907 F.2d 1453, 1456 (4th Cir. 1990); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant

evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

## FACTUAL AND ADMINISTRATIVE HISTORY

Plaintiff applied for DIB in September 2002 alleging disability beginning in September of 2002 because of scoliosis, muscle spasms, and osteoarthritis. (R. 63-65, 73) The state agency denied plaintiff's application initially and upon reconsideration. Following a hearing, an administrative law judge ("ALJ") held a hearing on December 18, 2003, at which plaintiff and a vocational expert ("VE") testified. (R. 267-96) The ALJ's decision found that plaintiff had severe impairments, but that she retained the residual functional capacity ("RFC") to lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for six hours in an eight-hour workday; and sit for six hours in an eight-hour workday, with only occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (R. 19) Based on the VE's testimony, the ALJ found that plaintiff was not disabled because jobs existed in significant numbers in the regional and national economies which she could perform. (R. 20) After the Appeals Council denied review, plaintiff filed this action seeking judicial review under 42 U.S.C. § 405(g).

## ANALYSIS

### A.  Substantial Evidence Supports the ALJ's Decision.

In her complaint, plaintiff asserts that she has been unable to engage in substantial gainful employment since September 2002. Plaintiff admits, however, that she has engaged in substitute teaching since that date. Plaintiff states that although she has responded to medication and

2

therapy, she only benefits from these things for a short period. Accordingly, plaintiff asserts that she is unable to perform any of the jobs the Commissioner indicated that she could perform.

Although plaintiff claims disability as of September 23, 2002, the evidence shows that she worked as a substitute teacher as late as the day before the administrative hearing on December 18, 2003. (R. 258, 273, 276) This fact, along with plaintiff's medical records, provide substantial evidence supporting the ALJ's decision that she was not disabled.

Plaintiff alleges disabling functional limitations based on pain. The only issue present in this case is whether substantial evidence supports the Commissioner's decision that plaintiff was not disabled due to such pain. Under the Act, a claimant for disability benefits has the burden of proving that she cannot work. See 42 U.S.C. §§ 423(d)(5), 1382c(a)(3)(H)(I); see also Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972) (noting that a claimant has the burden of proving his disability).

Plaintiff asserts that she has been diagnosed with scoliosis which will physically impair her until death. (Compl. at 2.) It is clear under the regulations that mere diagnosis is not enough to establish disability. See Gross v. Heckler, 785 F.2d 1163, 1165 (4th Cir. 1986); Wagner v. Apfel, 1999 U.S. App. LEXIS (4th Cir. Nov. 16, 1999).

Plaintiff alleges disabling functional limitations based on subjective complaints of pain. While pain can never be objectively quantified or proven, applicable regulations require legitimation of subjective complaints through attribution to an objective physical or mental condition. See 20 C.F.R. § 404.1529. The record here establishes that plaintiff experiences pain which limits her ability to work, just not the extent she alleges.

3

An ALJ evaluates the "intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." See Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996). The ALJ considered the objective medical evidence of pain, medical treatments taken to alleviate the pain, specific descriptions of pain, and the claimant's activities. See 20 C.F.R. § 404.1529(c). Here, the functional capacities evaluation, clinical findings, notations regarding pain management with pain medication and a TENS unit, all provide evidence supporting the ALJ's finding that plaintiff retained the capacity for perform a range of light and sedentary work.

In this case, plaintiff underwent capacity testing upon referral from her treating doctor. This testing established that, at a minimum, plaintiff was capable of performing sedentary to light work. (R. 230) The ALJ based his hypothetical questions to the VE upon this functional capacity evaluation, and the VE was able to identify a representative sample of jobs which plaintiff could perform. (R. 290-91) Given this evidence, the ALJ's decision is well-supported.

Even in the absence of the capacity testing, the record provides substantial evidence supporting the ALJ's decision. When plaintiff applied for DIB in September 2002, she had experienced a flare-up of upper back pain. (R. 134) Upon learning that plaintiff had applied for DIB, plaintiff's treating physician noted his disagreement in her chart, stating that it was premature to consider disability based on an acute episode such as the one from which plaintiff was then suffering. (R. 156) Indeed, eligibility for DIB requires that an impairment remain at the disabling level of severity for twelve months or more. 42 U.S.C. § 423(d)(1)(A); see Walton v. Barnhart, 535 U.S. 212, 214 (2002). One acute episode such as reflected in plaintiff's medical records fails to meet this durational requirement.

4

Moreover, the objective findings contained in plaintiff's medical records also support the ALJ's decision. The records indicate that plaintiff had a "mild" limitation of neck motion and negative straight leg-raising tests. (R. 152, 156, 160, 163.) Flexion and extension of plaintiff's neck was good, with rotation of her neck being only slightly limited. (R. 152) At a later examination, Dr. Purvez noted that plaintiff had a full range of motion in her neck. (R. 160) Further, she had no sensory, motor, or reflex deficits. (R. 152, 160, 163) Plaintiff's MRI showed only degeneration, which is nothing more than a wearing down due to age. (R. 155) These objective findings do not support plaintiff's claim of a disabling impairment.

Finally, while plaintiff alleges disability on the basis of pain, the record shows that plaintiff reported to Drs. Dunstan and Purvez, her physical therapist, that her pain was well-managed with the use of medication, physical therapy, aquatic therapy, and a home TENS unit. (R. 150, 155-56, 162, 165, 221, 282) She stated that her pain stayed under control most days. It is clear from the case law that where conditions are treatable through the use of medication or other means, parties cannot use their existence to receive benefits. See Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984); Schmidt v. Barnhart, 2005 U.S. App. LEXIS 674 at **19-20 (7th Cir. Jan. 14, 2005); Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.") Thus, plaintiff's allegations of disability are undercut by her acknowledgment that her pain is often under control.

For these reasons, the court finds that the ALJ's decision was supported by substantial evidence.

5

B. **Additional Evidence Supplied by Plaintiff Following the ALJ's Decision.**

Since filing this action, plaintiff has submitted additional evidence to the court including an accounting of the money plaintiff has spent on medical care, including prescriptions, and treatment notes illustrating plaintiff's treatment through the end of March, 2005.

A district court may remand a social security case on the basis of newly discovered evidence, a "sentence six" remand, when plaintiff satisfies four prerequisites. 42 U.S.C. § 405(g); Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). First, the evidence must be "new." Borders, 777 F.2d at 955 (holding "new" evidence is "'relevant to the determination of disability at the time the application was first filed and not merely cumulative'") (quoting Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983)). Second, it must be material. Id. Third, there must be good cause for the "failure to submit the evidence when the claim was before the Secretary." Id. Fourth, the claimant must make "'at least a general showing of the nature' of the new evidence." Id. (quoting King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)).

None of this evidence is relevant to the issue of whether plaintiff was disabled as of her claimed date of onset in September, 2002. The ALJ acknowledged that plaintiff was not a well woman, and it is certain that some of these materials may be relevant to a subsequent application. As it stands, because these materials are not material under Borders, it would be inappropriate to remand this case to the Commissioner such that they can be considered.

C. **Conclusion.**

Given the deferential standard of review provided under 42 U.S.C. § 405(g), it is clear that the decision of the Commissioner be affirmed as substantial evidence supports the conclusion that plaintiff was not disabled as defined under the Social Security Act. See Pierce v.

6

Underwood, 407 U.S. 552, 565 (1988); King v. Califano, 559 F.2d 597, 599 (4th Cir. 1979). Accordingly, defendant's motion for summary judgment is granted.

## CONCLUSION

In affirming the final decision of the Commissioner, the court does not suggest that plaintiff is totally free of all pain and subjective discomfort. The objective medical record simply fails to document the existence of any condition which would reasonably be expected to result in total disability for all forms of substantial gainful employment. It appears that the ALJ properly considered all of the objective and subjective evidence in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence. Defendant's motion for summary judgment must be granted.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

**ENTER:** This 24th day of August, 2005.

United States Magistrate Judge